**ELLIS–RIVERA et al.**

v.

**PROGRESSIVE INSURANCE COMPANIES.**

Court of Common Pleas of Ohio,
Lucas County.

No. CI95–2075.

Decided June 10, 1996.

*Brandon G. Schnorf* and *Kevin M. Ferguson,* for plaintiffs.

*Robert J. Bahret* and *Peter C. Munger,* for defendant.

CHARLES J. DONEGHY, Judge.

In this action, two insureds seek a judgment against defendant Progressive Insurance Companies ("Progressive"). They allege that Progressive owes each of them $12,500 pursuant to the underinsured motorist ("UIM") provisions contained in an automobile insurance policy Progressive issued to plaintiff Jeannie L. Ellis–Rivera ("Ellis–Rivera"). This case is now before the court on Progressive's motion for summary judgment. Upon review of the pleadings, the evidence, the insurance policy at issue, the memoranda of the parties, and the applicable law, the court finds that it should grant Progressive's motion.

## I. FACTS

On July 28, 1993, Ellis–Rivera and co-plaintiff Barbara Hamilton were injured when a vehicle driven by George Rusek struck their car then being driven by Ellis–Rivera. On or about October 7, 1994, the plaintiffs notified Progressive of a proposed settlement with George Rusek's insurer, Phoenix Indemnity Insurance Company ("Phoenix"). Under the proposed settlement, Phoenix agreed to pay each plaintiff the individual policy limits of $15,000. Thereafter, but prior to October 20, 1994, Progressive verbally notified the plaintiffs that legislation scheduled to go into effect on October 20, 1994, Senate Bill No. 20 ("S.B. No. 20"),[1] 145 Ohio Laws, Part I, 204, would allow Progressive to deny UIM coverage to plaintiffs because the legislation would (and ultimately did) supersede *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Then, on October 21, 1994, Progressive denied coverage as a result of S.B. No. 20. The plaintiffs subsequently settled with Phoenix for $15,000 each on December 5, 1994. The plaintiffs brought this action on July 28, 1995, seeking a judgment ordering Progressive to pay each of them the $12,500 UIM per person limit of the policy Progressive issued to Ellis–Rivera.

The uninsured ("UM") and UIM provisions of the Progressive policy state in pertinent part as follows:

"If you pay a specific premium for Uninsured/Underinsured Motorists Coverage, we will pay damages * * * for bodily injury to an insured person which that person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle up to the Limit of Liability as defined in this Part. * * *"

The policy defines "underinsured motor vehicle" in relevant part as follows:

---

1. The provisions of S.B. No. 20 amended R.C. 3937.18, Ohio's uninsured/underinsured motorist statute.

" 'Underinsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable Limits of Liability under this Part."

The Limits of Liability section states in relevant part as follows:

"[T]he maximum we shall pay under the [UM/UIM Part] shall be the Limits of Liability shown on the Declarations page * * *."

The Limits of Liability listed on the declarations page for the UM/UIM coverage are $12,500 per each person and $25,000 for each accident.

## II.  *MOTION FOR SUMMARY JUDGMENT STANDARD*

In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Supreme Court of Ohio set forth the requirements that must be met before a Civ.R. 56 motion for summary judgment may properly be granted:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

A party who claims to be entitled to summary judgment on the grounds that a nonmovant cannot prove its case bears the initial burden of (1) specifically identifying the basis of its motion and (2) identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding an essential element of the nonmovant's case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. The movant satisfies this burden by calling attention to some competent summary judgment evidence, of the type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmovant has no evidence to support his or her claims. *Id.* Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(E), indicating that a genuine issue of material fact exists for trial. *Id.* Accord *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798, 800–801.

## III.  *DISCUSSION*

■ Progressive makes several arguments in support of its motion for summary judgment. Progressive's main argument is that S.B. No. 20 permits

Progressive to avoid coverage in this case.[2] The plaintiffs contend that S.B. No. 20 is inapplicable to this case because their cause of action accrued prior to the effective date of S.B. No. 20. The plaintiffs also assert that, under the authority of *Savoie v. Grange Mut. Ins. Co.*, at paragraph three of the syllabus,[3] they are entitled to recover here. There is no dispute that if *Savoie* applies to this case the plaintiffs are entitled to recover UIM benefits from Progressive. Also, there is no dispute that if S.B. No. 20 applies, Progressive may properly deny coverage. The court finds that S.B. No. 20 applies to this case because the case was filed on July 28, 1995.

██ S.B. No. 20 is applicable to cases filed after the effective date of the statute, October 20, 1994. See *Beckman v. Prudential Ins. Co.* (1994), 69 Ohio Misc.2d 1, 6, 647 N.E.2d 884, 888. Generally, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. Therefore, "in the absence of any clear legislative intent otherwise, the parties must proceed under the substantive law applicable upon the date of filing the action." *Lyon v. Lyon* (1993), 86 Ohio App.3d 580, 587, 621 N.E.2d 718, 722. See, also, *Schulte v. Schulte* (1994), 71 Ohio St.3d 41, 45, 641 N.E.2d 719, 722; *Knowles v. Knowles* (Dec. 18, 1992), Lucas App. No. L–92–033, unreported, 1992 WL 371915; *Mowka v. Mowka* (Sept. 4, 1992), Lucas App. No. L–91–286, unreported, 1992 WL 213076.

The plaintiffs present authority indicating generally that the law applicable to cases involving UIM coverage is the law prevailing at the time the cause of action accrues (*i.e.*, the date of the injury).[4] However, these cases are all properly

---

2. S.B. No. 20 requires that insurers offer insureds underinsured motorist coverage. R.C. 3937.18(A). The required coverage "shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury * * * where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. *Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident.* The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured." (Emphasis added.) R.C. 3937.18(A)(2).

3. "An underinsurance claim must be paid when the individual covered by an uninsured/underinsured policy suffers damages that exceed those monies available to be paid by the tortfeasor's liability carriers." *Id.*

4. See, for example, *Cartwright v. The Maryland Ins. Group* (1995), 101 Ohio App.3d 439, 655 N.E.2d 827; *Motorists Mut. Ins. Co. v. Hinton* (Feb. 4, 1994), Wood App. No. 93WD031, unreported, 1994 WL 30508.

distinguishable from the case at bar because they were filed before the October 20, 1994 effective date of S.B. No. 20. This case, however, was filed on July 28, 1995, *i.e.*, after S.B. No. 20 became the law in Ohio. Accordingly, the court finds that Progressive is entitled to summary judgment as a matter of law.

### JUDGMENT ENTRY

It is ORDERED that the defendant's motion for summary judgment is granted. It is further ORDERED that this case is dismissed with prejudice. The court finds that there is no just reason for delay.

*Judgment for defendant.*

