This timely appeal arises from an order of the Harrison County Court of Common Pleas granting summary judgment to Appellee in a declaratory judgment action. Appellee filed for declaratory judgment in a dispute with Appellant, his ex-wife, over the disposition of a check which they received from the Clients' Security Fund. For the following reasons, we hold that summary judgment was not appropriate and we reverse and remand this case to the trial court for further proceedings according to law and consistent with this Court's Opinion.
When considering a motion for summary judgment, a reviewing court must view the evidence in a light most favorable to the nonmoving party. Stateex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511. Keeping that principle in mind, the record indicates that the parties were married on January 20, 1978. The marriage ended by Decree of Dissolution granted by the Harrison County Court of Common Pleas on February 28, 1989. Appellee alleges that a separation agreement was approved and incorporated into the decree. That separation agreement allegedly released each party from all claims to all property which the other party, ". . .now owns or may hereafter acquire." (3/23/1998 Motion for Summary Judgment, p. 3).
Despite this, the parties continued to live together as husband and wife after the dissolution until March of 1992. On June 23, 1989, Appellee was involved in an automobile accident. Attorney Dominic Potts filed a lawsuit against the tortfeasor in the names of both Appellee and Appellant. Appellant's portion of the suit consisted of a claim for loss of consortium. On November 1, 1991, Attorney Potts received a settlement check for $314,600.00 arising out of the automobile accident claim. Apparently, both parties signed releases as part of the settlement, but those releases are not part of the record. Attorney Potts cashed the check on behalf of the parties and deposited it into his own account.
Attorney Potts transferred only $30,000.00 of the settlement funds to Appellee and gave nothing to Appellant. The parties filed a claim with the Ohio Clients' Security Fund alleging that Attorney Potts engaged in unethical conduct and committed theft. The Ohio Clients' Security Fund is maintained by the Supreme Court of Ohio to aid in providing some relief to clients and others from losses caused by lawyers who misappropriate funds under their control. Gov.Bar R. VIII(A). On June 23, 1997, the Clients' Security Fund approved the claim and sent a check for $25,000.00 to Appellee made payable to "Ralph and Anna Daugherty." (10/8/97 Complaint, Exh. B). Appellant initially refused to sign a release and subrogation agreement as required by the Clients' Security Fund as a condition of payment from the fund.
On October 14, 1997, Appellee filed a Complaint for Interpleader and Declaratory Relief. Appellee requested that the court determine the respective interests of Appellee and Appellant in the $25,000.00 award from the Clients' Security Fund and that it take control of the check and cause this to be deposited into a supervised account. The check was deposited into a supervised account that same day.
On October 14, 1997, Appellant filed an answer to the complaint, arguing that she had a partial interest in the $25,000.00 award arising out of her interest in the original $314,600.00 settlement, at least to the extent of her loss of consortium claim.
On March 16, 1998, Appellant filed an affidavit with the court which outlined the history of the case and which erroneously listed the date of Appellant's automobile accident as June 28, 1983.
On March 23, 1998, Appellee filed his Motion for Summary Judgment. In his motion, he admitted that the automobile accident did not occur until June 28, 1989. However, Appellee argued that any rights that Appellant might have had in the award from the Clients' Security Fund should be terminated by the Decree of Dissolution entered into in February of 1989. Appellee argued that by signing the separation agreement, Appellant gave up all rights to any property Appellee owned on or after February 28, 1989. The only evidentiary material filed as part of Appellee's motion was his own affidavit.
On April 6, 1998, Appellant filed her Response to the Motion for Summary Judgment. Appellant attached an amended affidavit which corrected the earlier error as to the date of Appellee's automobile accident. Appellant also stressed that the parties continued to live together as husband and wife after the February 28, 1989, Dissolution Decree. Appellant argued that she should receive part of the $25,000.00 state fund check proportionate to the value of her loss of consortium claim, taking into account the $30,000.00 already received by Appellee.
On January 28, 1999, the trial court granted Appellee's Motion for Summary Judgment. The court reasoned that Appellant was barred from claiming any interest in the Clients' Security Fund award due to the language contained within the February 28, 1989, separation agreement. The court held that the separation agreement constituted a waiver by Appellant of all present and future interest in Appellee's property.
On February 9, 1999, Appellant filed her timely appeal.
An appellate court reviews the trial court's decision to grant summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. We apply the same standard used by the trial court as found in Civ.R. 56(C). Peyer v. Ohio Water Serv. Co. (1998),130 Ohio App.3d 426, 431. Civ.R. 56(C) provides that before a court may grant summary judgment, it must determine that: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327. The movant has the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to prove that no genuine issue of material facts exists as to the essential elements of the other party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Once the initial burden is met, the responding party has a reciprocal burden to place into evidence specific facts that demonstrate that a genuine issue of fact exists for trial. Id.
The moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) to affirmatively demonstrate that the nonmoving party has no evidence to support its claims and the movant cannot rely on mere conclusory statements. Cole v. Am. Industries Resources Corp. (1998), 128 Ohio App.3d 546, 551-552. The evidence must consist of pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, or written stipulations of fact. Dresher, supra, 75 Ohio St.3d at 298.
Although Appellant's brief lists six assignments of error, each assignment makes the argument that the trial court erroneously granted Appellee's Motion for Summary Judgment. We will treat all six assignments of error as one in order to effectively analyze Appellant's argument on appeal.
Appellant maintains that the basis for the trial court's decision was a provision in the parties' 1989 separation agreement in which each party released the other from all claims to all property the other party presently owned or may thereafter acquire. Appellant argues that the separation agreement did not consider nor control the events which subsequently occurred, namely, that after the legal dissolution the parties entered into a common-law marriage and, during this marriage, Appellee was involved in an automobile accident. Appellant argues that the earlier separation agreement cannot defeat her subsequent claim for loss of consortium based on her remarriage to Appellee.
The separation agreement in question is not a part of the record on appeal, in spite of Appellant's attempt to create an additional appellate record by attaching an extensive appendix to her brief. Nevertheless, even if the separation agreement released each party from claims on future property interests acquired by the other party, such a provision would not entitle Appellee to summary judgment. Appellant is claiming that a portion of the $25,000.00 award from the Clients' Security Fund is her own property; property to which she is entitled by virtue of her own separate claim for loss of consortium.
Appellee argues that any loss of consortium claim by Appellant was extinguished. In Ohio, "[a]n action for loss of consortium occasioned by a spouse's injury is a separate and distinct cause of action that cannot be defeated by a contractual release of liability which has not been signed by the spouse who is entitled to maintain the action." Bowen v.Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, at syllabus. Appellee argues that Appellant signed a release pertaining to the 1991 settlement of the automobile accident for $314,600.00. Thus, Appellee states that Appellant effected a waiver of her right to this loss of consortium claim. Once again, the settlement agreement is not part of the record on appeal. The only evidentiary documents available for this Court's review are the pleadings, Appellee's Motion for Summary Judgment with Appellee's affidavit attached and Appellant's Response with her own amended affidavit attached. It is apparent from the record that the parties disagree as to the specific terms of the 1991 settlement agreement. Appellee has not placed any evidence in the record which resolves the disputed terms of that settlement agreement. Therefore, a material question of fact exists and summary judgment in favor of Appellee is inappropriate.
There are additional factual disputes apparent on the record. To defeat some of Appellant's arguments, Appellee insists that Appellant must prove that the parties entered into a valid common-law marriage subsequent to February 28, 1989, and that the marriage was still valid at the time of Appellee's automobile accident. Appellee argues that as Appellant did not provide evidence to support each essential element of a valid common-law marriage in response to Appellee's Motion for Summary Judgment, her claims on this issue must fail. Appellee is mistaken in this argument.
Common-law marriages occurring after October 10, 1991, are prohibited in Ohio. R.C. § 3105.12(B)(1). Common-law marriages occurring prior to that date will continue to be recognized if they meet certain requirements and have not been terminated by death, divorce, dissolution of marriage, or annulment. R.C. § 3105.12(B)(2); Lyon v. Lyon
(1993), 86 Ohio App.3d 580, 584. The Ohio Supreme Court, in State v.DePew (1988), 38 Ohio St.3d 275, 279, set forth the factors required to establish a valid common-law marriage: "(1) an agreement of marriage inpraesenti; (2) cohabitation as husband and wife; and (3) a holding out by the parties to those with whom they normally come into contact, resulting in a reputation as a married couple in the community."
Appellee's Motion for Summary Judgment did not specifically raise the issue of the existence or validity of the parties' alleged common-law marriage. It was Appellee who had the burden of establishing that no common-law marriage existed. Appellee did not even attempt to meet this burden. Therefore, there was no reciprocal burden on Appellant to establish facts to support each essential element of a valid common-law marriage. Dresher, supra, 75 Ohio St.3d at 293.
Nevertheless, Appellant's amended affidavit does allege facts that meet the three elements of a valid common-law marriage as set out in State v.DePew, supra. Appellant alleges that the parties continued to live together as husband and wife after February 28, 1989, that she cared for Appellee after his automobile accident, that they held themselves out to the public as husband and wife, that they filed their automobile accident complaint as husband and wife and that both the $314,600.00 settlement check and the $25,000.00 state fund check at issue in this case were made out to the parties jointly as husband and wife. Thus, not only has Appellant established a disputed material issue of fact regarding the parties' alleged common-law marriage, she has further established an issue of fact as to her loss of consortium claim. A valid existing marriage is an essential element of a claim for loss of consortium. Bowen v.Kil-Kare, supra, 63 Ohio St.3d at 97.
The record on appeal essentially consists of competing affidavits of the parties. The affidavits raise, but do not resolve, issues concerning the parties' February 28, 1989, separation agreement, their settlement agreement concerning Appellee's automobile accident, the existence of a common-law marriage after February 28, 1989, and the status of Appellant's claim for loss of consortium. In ruling on a motion for summary judgment it is improper for a court to weigh the evidence or choose among a variety of reasonable inferences. Jacobs v. Racevskis
(1995), 105 Ohio App.3d 1, 7. Accordingly, we find that genuine issues of material fact exist in this case and we hold that the trial court's award of summary judgment was improper. Appellant's assignments of error are sustained.
The judgment of the trial court is reversed and the cause remanded for further proceedings.
Cox, P.J., concurs. Donofrio, J., concurs.