DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Common Pleas Court judgment issued in a divorce proceeding. Carl Gilkey, defendant below and appellant herein, assigns the following errors for review:
FIRST ASSIGNMENT OF ERROR:
 "TRIAL COURT ISSUED RULING IN MATTER IN WHICH IT HAD NOT YET ACQUIRED JURISDICTION."
SECOND ASSIGNMENT OF ERROR:
 "TRIAL COURT PROCEEDED ON HEARING THAT ADVERSELY AFFECTED PROPERTY WITHOUT MEETING CONSTITUTIONAL PREREQUISITE."
A review of the facts relevant to this appeal reveals that Pamela Gilkey, plaintiff below and appellee herein, filed a "Complaint for Divorce and Motion for Temporary Orders" on March 30, 2000. Appellee requested that the court grant certain temporary orders related to,inter alia, the occupancy of the marital residence, child custody and visitation, child support and spousal support. On the same day, the magistrate issued the temporary orders pending final determination in the divorce proceeding.
On April 1, 2000, Athens County Deputy Sheriff Glen Burchfield served appellant with the complaint and a summons. On April 17, 2000, appellant's counsel filed timely objections to the temporary orders and requested a hearing as provided in Civ.R. 75. On August 18, 2000, the trial court, pursuant to an agreement between the parties on the support issues, modified the temporary orders and issued a "Journal Entry (Review of Temporary Orders)."
Appellant's counsel withdrew on September 19, 2000. Appellant's new counsel entered his appearance on November 27, 2000 and requested a continuance. On November 29, 2000, the trial court granted appellant's request.
On January 16, 2001, the parties informed the court that they had agreed to resolve all pending issues. After the court approved the parties' agreement, the court directed appellee to prepare the judgment entry. Subsequently, appellant apparently refused to sign the proposed entry. Nevertheless, appellee submitted the proposed entry to the trial court and, on February 16, 2001, the court approved and issued the judgment which incorporated the parties' agreement. See February 16, 2001 "Judgment Entry: Decree of Divorce." This detailed judgment disposed of all pending issues. On March 19, 2001, appellant filed a notice of appeal.
In both of appellant's assignments of error, appellant appears to assert that the trial court lacked "jurisdiction" to issue temporary orders (1) prior to obtaining service of process, and (2) prior to conducting a hearing to consider appellee's request and appellant's response. Appellee contends that (1) the civil rules vest the trial court with the authority to issue temporary orders in divorce proceedings, and (2) the issue appellant raises has been rendered moot in light of the parties' agreement to resolve all of the issues in the parties' divorce.
We agree with appellee that a trial court does indeed possess the authority to issue temporary orders in a divorce proceeding. See Civ.R. 75[1]; Civ.R. 53; R.C. 3105.18[2]; Lyon v. Lyon (1993),86 Ohio App.3d 580, 621 N.E.2d 718; Roach v. Roach (1992),79 Ohio App.3d 194, 607 N.E.2d 35; Soley v. Soley (1995),101 Ohio App.3d 540, 655 N.E.2d 1381; Office v. Office (Jan. 17. 1997), Montgomery App. No. 15298, unreported; Leister v. Leister (Oct. 23, 1998), Delaware App. No. 97CA-F-07027, unreported; Crank v. Crank (Jan. 29, 1984), Clermont App. No. CA83-10-082, unreported; Garber v. Garber
(Jan. 13, 1988), Montgomery App. No. 10010, unreported.
In the case sub judice, the trial court afforded appellant the opportunity to contest the propriety of the temporary orders. Included within the rule's framework are various procedural safeguards, including a party's right to object to any temporary order and to request a hearing to review those orders. We note that appellant did, in fact, object to the temporary orders and he did request a hearing. The trial court fully complied with the rule's requirements, and appellant's actions apparently resulted in an agreement with appellee to modify the trial court's temporary orders.
Moreover, we again note that the parties resolved all of the issues in this matter by agreement, including any divergence of opinion with respect to the court's temporary orders.[3] Thus, after full consideration of appellant's assignments of error, we find no merit in appellant's argument and no error with the trial court's judgment. The trial court possessed full authority to issue temporary orders in this proceeding.
Accordingly, based upon the foregoing reasons we overrule appellant's assignments of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. JUDGMENT ENTRY
It is ordered that the judgment be affirmed. Appellee shall recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Civ.R. 75 provides in pertinent part:
 (N) Allowance of spousal support, child support, and custody pendente lite.
 (1) When requested in the complaint, answer, or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or magistrate, without oral hearing and for good cause shown, may grant spousal support pendente lite to either of the parties for the party's sustenance and expenses during the suit and may make a temporary order regarding the support, maintenance, and allocation of parental rights and responsibilities for the care of children of the marriage, whether natural or adopted, during the pendency of the action for divorce, annulment, or legal separation.
 (2) Counter affidavits may be filed by the other party within fourteen days from the service of the complaint, answer, counterclaim, or motion, all affidavits to be used by the court or magistrate in making a temporary spousal support order, child support order, and order allocating parental rights and responsibilities for the care of children. Upon request, in writing, after any temporary spousal support child support, or order allocating parental rights and responsibilities for the care of the children is journalized, the court shall grant the party so requesting an oral hearing within twenty-eight days to modify the temporary order. A request for oral hearing shall not suspend or delay the commencement of spousal support or other support payments previously ordered or change the allocation of parental rights and responsibilities until the order is modified by journal entry after the oral hearing.
[2] R.C. 3105.18(B) provides in pertinent part:
 * * * During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party. * * *
[3] Certain temporary (interlocutory) orders are in fact subject to appellate review after a trial court issues its final judgment. See, e.g.DiLacqua v. DiLacqua (1993), 88 Ohio App.3d 48, 623 N.E.2d 118. See, also, Colon v. Colon (1979), 58 Ohio St.2d 245, 389 N.E.2d 856.