DECISION AND JUDGMENT ENTRY
{¶ 1} In this divorce action, Paulette Leopold appeals the trial court's judgment awarding her $4,000 per month in spousal support rather than the $7,000 per month she requested. Dr. Kenneth Leopold cross-appeals the same decision, arguing that the award is excessive. We conclude that the trial court did not abuse its discretion in awarding Mrs. Leopold $4,000 per month in spousal support because it properly considered and weighed the factors enumerated in R.C. 3105.18(C)(1)(a) — (n) and the amount of spousal support is not unreasonable, arbitrary or unconscionable.
 {¶ 2} Mrs. Leopold also contends that the court erred in determining that Dr. Leopold's annual income was approximately $250,000 for purposes of computing spousal support. We conclude that the court's calculation of Dr. Leopold's annual income is not against the manifest weight of the evidence even though he has earned slightly more than $250,000 in the past two years. Dr. Leopold established that, although he earned over $270,000 annually in the past, his income is declining because he no longer treats hospitalized patients and because of increased malpractice and health insurance costs.
 {¶ 3} Mrs. Leopold further argues that the court erred in ordering that the spousal support award terminate if she lives with another man "in a state similar to marriage," while Dr. Leopold contends that the court erred in making the award indefinite. We disagree with each of these contentions. The parties had a long-term marriage so an award of indefinite spousal support is reasonable; moreover, the court specifically reserved jurisdiction so it could modify or discontinue the award of spousal support if a change of circumstances, including the parties' retirement, occurs. Termination of the spousal support award if Mrs. Leopold begins supporting or receiving support from an unrelated man is both reasonable and consistent with the purposes of spousal support.
 {¶ 4} Mrs. Leopold contends that the trial court abused its discretion by refusing to allow her counsel to question Dr. Leopold regarding the annual income of his live-in girlfriend. Again, we disagree. Dr. Leopold testified that he and his girlfriend share their household expenses equally and that his share of those expenses averages $500 per month. The actual amount of his girlfriend's income is irrelevant because it has no bearing on Dr. Leopold's income or the amount of his total monthly expenses.
 {¶ 5} Finally, Dr. Leopold argues the trial court abused its discretion by ordering that he pay $5,000 of Mrs. Leopold's attorney fees. Both parties stipulated that Dr. Leopold would pay $2,500 of Mrs. Leopold's attorney fees and, therefore, presented no evidence relating to attorney fees at the trial. Before awarding attorney fees under R.C. 3105.18(H), the court must find that the amount of the fees requested is reasonable and that the requesting party would be prevented from fully litigating her rights or protecting her interests if the award is not made. Mrs. Leopold presented no evidence as to the number of hours her counsel worked, the hourly fee her counsel charged, or the reasonableness of her attorney fees. Moreover, she never established that she would have been unable to fully litigate her rights or protect her interests if the court did not award attorney fees. Therefore, we find that the trial court abused its discretion by ordering that Dr. Leopold pay $5,000 of Mrs. Leopold's attorney fees.
 I. {¶ 6} The parties married in 1978 and have three children, who are all emancipated. In December 2002, Dr. Leopold filed for divorce in the Washington County Court of Common Pleas, Division of Domestic Relations. Mrs. Leopold answered and filed a counter claim for divorce. Ultimately, the parties stipulated to an equal division of property and debts, leaving only the issue of spousal support for determination by the trial court.
 {¶ 7} The court held a final hearing in December 2003 and subsequently issued an opinion awarding Mrs. Leopold $4,000 per month in spousal support until she remarries, dies, or lives with another in a state similar to marriage. The court reserved jurisdiction to modify the award upon a substantial change in circumstance and in anticipation of the eventual retirement of both parties. The court also ordered Dr. Leopold to pay Mrs. Leopold $5,000 towards her attorney fees and litigation expenses in addition to the $2,500 he had already contributed under the property stipulation.
 {¶ 8} The court journalized its final entry of divorce in March 2004. Mrs. Leopold filed a timely appeal from this entry assigning the following errors: "I. The trial court abused its discretion and erred as a matter of law in awarding an amount of spousal support to Defendant which was unreasonable, inappropriate, and unsupported by the evidence presented at trial. II. The trial court abused its discretion and erred as a matter of law in failing to make appropriate findings respecting Plaintiff's income in 2002 and Plaintiff's income earning ability in 2003. III. The trial court abused its discretion and erred as a matter of law in ordering that the spousal support award to Defendant shall terminate upon Defendant's cohabitation. IV. The trial court abused its discretion and erred as a matter of law in sustaining Plaintiff's counsel's relevancy objection relative to evidence of Plaintiff's girlfriend's income."
 {¶ 9} Dr. Leopold filed a timely cross-appeal, assigning the following errors: "Assignment of Error I: Did the trial court abuse its discretion in awarding spousal support in the sum of $4,000 per month until such time as wife remarries, dies, or lives in a state similar to marriage or the death of husband. [sic] Assignment of Error II: Did the trial court abuse its discretion by failing to set a definite term on the spousal support. [sic] Assignment of Error III: Did the trial court abuse its discretion by ordering an additional $5,000 towards wife's attorney fees and expenses after the parties had previously agreed on a $2,500 payment. [sic]"
 II. {¶ 10} Trial courts enjoy broad discretion in awarding spousal support. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. Thus, a reviewing court will not reverse a court's decision awarding spousal support absent an abuse of that discretion. Bechtol v. Bechtol
(1990), 49 Ohio St.3d 21, 24, 550 N.E.2d 178. An abuse of discretion is more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable or unconscionable. Masters v. Masters (1994),69 Ohio St.3d 83, 85, 630 N.E.2d 665. Moreover, when applying this standard, an appellate court may not substitute its judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181, citing Berk v. Matthews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 11} While the decision to award spousal support is discretionary, an appellate court reviews the factual findings to support that award under a manifest weight of the evidence standard. See Brown v. Brown,
Pike App. No. 02CA689, 2003-Ohio-304; Patterson v. Patterson (Dec. 14, 1998), Adams App. No. 97CA654; see, also, Fletcher v. Fletcher,68 Ohio St.3d 464, 468, 1994-Ohio-434, 628 N.E.2d 1343; C.E. Morris v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Furthermore, the trial court must indicate the basis for its spousal support award in sufficient detail to enable a reviewing court to determine that "the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.
 {¶ 12} R.C. 3105.18(C)(1) provides that, in determining whether spousal support is "appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support," the court must consider the factors enumerated in R.C. 3105.18(C)(1)(a) — (n). Those factors include: the parties' income; the parties' relative earning abilities; the parties' ages and health conditions; the parties' retirement benefits; the duration of the parties' marriage; the extent to which it would be inappropriate for a party, as custodian of a minor child of the marriage, to seek employment outside the home; the standard of living of the parties established during the marriage; the relative extent of education of the parties; the relative assets and liabilities of the parties, including any court-ordered payments; the contribution of each party to the earning ability of the other party; the time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience; the tax consequences, for each party, of an award of spousal support; the lost income production capacity of either party that resulted from that party's marital responsibilities; and any other factor that the court expressly finds to be relevant and equitable.
 {¶ 13} The court made numerous detailed findings before determining that an indefinite award of $4,000 per month in spousal support to Mrs. Leopold was appropriate. The court recognized that Dr. Leopold's yearly income exceeded $270,000 in past years, but found that his income has been decreasing in recent years for reasons unrelated to the divorce. The court concluded that Dr. Leopold's income is approximately $250,000 per year for purposes of determining spousal support. The court found that Mrs. Leopold's income from her part-time employment is approximately $8,000 per year.
 {¶ 14} The court concluded that Dr. Leopold is earning at his capacity and that he earns substantially more than other family practitioners both in his group practice and in the profession generally. The court found that Mrs. Leopold lacks current job training but does not wish to return to school to obtain the education and skills that would increase her income level. The court found there were no obstacles preventing Mrs. Leopold from obtaining additional education.
 {¶ 15} The court also found that both parties are in good health and the duration of the marriage was 25 years. The court determined that the parties had a very comfortable lifestyle during the marriage and that the division of the property resulted in the parties' relative assets and liabilities being substantially similar. Mrs. Leopold received a net amount of $446,137 in assets while Dr. Leopold received a net amount of $431,738 in assets. These assets included the parties' retirement accounts.
 {¶ 16} The court concluded that Dr. Leopold already had his professional degree when the parties met and married, but Mrs. Leopold contributed to Dr. Leopold's acquisition of earning ability by caring for the parties' children. Although Dr. Leopold encouraged Mrs. Leopold to return to work when the children were in school, Mrs. Leopold returned to work only for a brief period before again leaving the workforce.
 A. {¶ 17} In her first assignment of error, Mrs. Leopold argues that the court erred in awarding her only $4,000 per month in spousal support rather than the $7,000 per month she requested. She contends that her monthly salary is only $719 and she can earn only a minimal return by investing the funds awarded to her in the property settlement; therefore, she needs far in excess of $4,000 per month to pay her expenses of $5,358.63 per month. Mrs. Leopold further argues that Dr. Leopold can afford to pay more than the amount awarded.
 {¶ 18} In his first assignment of error, Dr. Leopold also contends that the court abused its discretion in awarding spousal support, though he does not specify whether he believes the court should have declined to award any spousal support or whether it simply should have awarded a lower amount of support. Dr. Leopold argues that because both parties received substantial marital assets and Mrs. Leopold received over $11,000 more in assets than he, the spousal support award should have been different.
 {¶ 19} Mrs. Leopold relies on our decision in Schwab v. Schwab (Jan. 15, 1998), Lawrence App. No. 97CA36, to support her contention that an award of spousal support that is insufficient to meet the wife's reasonable financial needs was an abuse of discretion. However, inSchwab, the court awarded the wife only $375 per month in spousal support even though she was attending college, was raising three minor children, and the husband earned $52,560 annually while she earned only $3,500. Mrs. Leopold is not attending school, is working only part-time, chooses not to obtain the education or skills necessary to obtain a higher paying position, and is no longer rearing the parties' children. Moreover, she received a substantial property settlement in addition to the indefinite monthly spousal support payments.
 {¶ 20} The trial court properly considered and weighed all of the relevant factors set forth in R.C. 3105.18(C)(1)(a)-(n) in determining that Mrs. Leopold was entitled to spousal support and the appropriate amount of that award. In determining the level of spousal support to award, the court was not required to determine the amount Mrs. Leopold required to maintain her standard of living and award her that amount so long as Dr. Leopold could afford to pay it, nor was the court required to make specific findings as to whether Mrs. Leopold's claimed monthly expenses were reasonable. See Berthelot v. Berthelot,154 Ohio App.3d 101, 114, 2003-Ohio-4519, 796 N.E.2d 541, citing Nollv. Noll (June 7, 2000), Lorain App. No. 98CA007042 ("need is not a basis for an award of spousal support"). Rather, the court was required to consider all the relevant factors and make an award that was "appropriate and reasonable." The trial court did not abuse its discretion in awarding Mrs. Leopold $4,000 per month in spousal support. The award is not arbitrary, unreasonable or unconscionable.
 {¶ 21} We overrule both Mrs. Leopold's and Dr. Leopold's first assignments of error.
 B. {¶ 22} In her second assignment of error, Mrs. Leopold asserts that the trial court abused its discretion by concluding that Dr. Leopold's income for purposes of determining support was "around $250,000 per year." She contends that Dr. Leopold earned $287,337.86 in gross income during 2002 and that the evidence demonstrated that his future income would clearly exceed $250,000.
 {¶ 23} The court recognized that Dr. Leopold has earned in excess of $270,000 per year, but noted that his income has been decreasing for reasons unrelated to the divorce. Specifically, Dr. Leopold and other members of his practice have referred their adult hospital patients to other physicians and eliminated their direct involvement in the urgent care facility owned by the practice. Additionally, the practice's overall income has declined and the practice's expenses, including malpractice insurance and health insurance costs, have increased.
 {¶ 24} The trial court's findings are not against the manifest weight of the evidence. Dr. Leopold and John Reynolds, a management consultant employed by the practice, testified that the practice's revenues and Dr. Leopold's salary have been declining in recent years for various reasons. Moreover, Dr. Leopold testified that he intended to reduce his workload within the next five to six years even before he filed for divorce. Mrs. Leopold did not dispute this claim.
 {¶ 25} Mrs. Leopold's second assignment of error is meritless.
 C. {¶ 26} Next, Mrs. Leopold argues that the trial court abused its discretion by ordering that the spousal support award terminate in the event she "lives with another in a state similar to marriage." She contends that this order precludes her "from seriously dating an individual in possible contemplation of a marriage without sacrificing her spousal support award" and that cohabitation should reduce but not eliminate entirely the spousal support award.
 {¶ 27} Mrs. Leopold cites our decision in Wolfe v. Wolfe (July 30, 1998), Scioto App. No. 97CA2526, to support her contention that cohabitation does not necessarily extinguish the reasons for awarding spousal support in the first place. In Wolfe, we examined an entry ordering that the spousal support award to the husband automatically terminate upon cohabitation. Relying on Moell v. Moell (1994),98 Ohio App.3d 748, 750-751, 649 N.E.2d 880, we recognized that "[w]ithout a showing of support, merely living together is insufficient to permit termination of alimony;" however, "[i]f the ex-spouse is living with another person, and that person provides financial support or is supported, then the underlying need for spousal support does not exist." Id. Moell stated the rationale underlying a cohabitation clause: "The purpose of a cohabitation clause is to prevent inequity in two situations involving spousal support. The first situation occurs when an ex-spouse would receive support from two sources, each of whom is either legally obligated or voluntarily undertakes the duty of total support. * * * The second situation arises when the ex-spouse who is receiving spousal support uses such payments to support a nonrelative member of the opposite sex. * * * Cohabitation, in the legal sense, thus implies that `some sort of monetary support is being provided by the new partner or for the new partner." Moell, supra.
 {¶ 28} Here, the trial court carefully tailored the spousal support award so that it would terminate only if Mrs. Leopold "lives with another in a state similar to marriage," not if she merely develops a serious relationship with another individual. Requiring Dr. Leopold to continue to support Mrs. Leopold if she is being supported by another or using her spousal support award to support someone else is inherently unfair. Moreover, the question of what constitutes cohabitation or "a state similar to marriage" is a question of fact which must be determined on a case by case basis. Piscione v. Piscione (1992), 85 Ohio App.3d 273,276, 619 N.E.2d 1030. Consequently, the trial court would need to make such a finding before terminating Mrs. Leopold's spousal support based on this clause despite its "automatic" nature. We find no abuse of discretion in the court's decision to terminate the spousal support award under these conditions.
 {¶ 29} Mrs. Leopold's third assignment of error is meritless.
 D. {¶ 30} In her final assignment of error, Mrs. Leopold asserts that the trial court erred by refusing to allow her trial counsel to cross-examine Dr. Leopold regarding the income earned by his live-in girlfriend, Diana Binegar. She contends that Dr. Leopold's standard of living is directly related to Ms. Binegar's income level. If Ms. Binegar is earning only a nominal income per year, then one can conclude that Dr. Leopold is providing support to Ms. Binegar which could otherwise be directed to Mrs. Leopold. Conversely, if Ms. Binegar is earning significant income, Dr. Leopold is benefitting from living with her and can direct more of his income to Mrs. Leopold in the form of spousal support.
 {¶ 31} The decision whether to admit evidence falls within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Lyon v. Lyon (1993), 86 Ohio App.3d 580, 588,621 N.E.2d 718. Dr. Leopold testified that he is residing with Ms. Binegar in a house she owns and that he shares the expenses equally with her, including the house payment and costs of upkeep. On average, he pays $500 per month.
 {¶ 32} Given that Mrs. Leopold concedes that she would have argued that she was entitled to more spousal support whether Ms. Binegar was making a meager or a substantial income, we see little relevance as to the actual amount of Ms. Binegar's income. Dr. Leopold testified that he was responsible for one-half of the household expenses and specified that amount. Therefore, it is apparent that Ms. Binegar is paying the same amount monthly. Dr. Leopold's share of the expenses are the same regardless of how much Ms. Binegar earns. Moreover, there is no evidence that Dr. Leopold and Ms. Binegar share bank accounts or otherwise comingle their funds. Therefore, the court did not abuse its discretion by refusing to allow Mrs. Leopold's trial counsel to question Dr. Leopold regarding Ms. Binegar's income.
 {¶ 33} We overrule Mrs. Leopold's fourth assignment of error.
 E. {¶ 34} In his second assignment of error, Dr. Leopold argues that the trial court abused its discretion by awarding indefinite spousal support to Mrs. Leopold rather than setting a definite term on the support.
 {¶ 35} Indefinite awards of spousal support are generally disfavored. But in a case involving a marriage of long duration, parties of advanced age, or a homemaker spouse with little opportunity to develop meaningful employment outside the home, a trial court may, in the proper exercise of its discretion, award spousal support for an indefinite period. Kunklev. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus. However, if the payee spouse has the resources, ability, and potential to be self-supporting, the award of spousal support should be terminable on a specified date, "in order to place a definitive limit upon the parties' rights and responsibilities." Id.
 {¶ 36} Dr. Leopold concedes that his marriage was of long duration, but contends that the court nonetheless abused its discretion in awarding indefinite spousal support to Mrs. Leopold because she is not of advanced age and had the opportunity to work outside the home during the marriage. He also argues that Mrs. Leopold has the resources, ability and potential to become self-supporting but refuses to take the necessary steps to assist with her own support.
 {¶ 37} Since the court found that the parties' marriage was of long duration, it is irrelevant that Mrs. Leopold is not of advanced age and that she had the opportunity to enter the workforce during the parties' marriage. Under Kunkle, the court may award indefinite spousal support if even one of these three factors is present. Further, although the trial court clearly agreed with Dr. Leopold's claim that Mrs. Leopold could increase her earning potential by updating her skills as a surgical technician or pursuing training in another field, the court did not find that Mrs. Leopold could become entirely self-supporting by obtaining further education. Mrs. Leopold was 54 years old at the time of the hearing. Requiring her to obtain an education and become entirely self-supporting just as Dr. Leopold is contemplating retirement is both unfair and unrealistic. Finally, we note that the court recognized that both parties are nearing retirement age and, although it granted Mrs. Leopold indefinite spousal support, it retained jurisdiction to reevaluate the award as necessary based on a change in circumstances. Therefore, the court clearly contemplated that it would terminate or modify the spousal support award at some point despite its indefinite nature. We find that the trial court did not abuse its discretion in awarding Mrs. Leopold spousal support for an indefinite period.
 {¶ 38} Dr. Leopold's second assignment of error is meritless.
 III. {¶ 39} In his final assignment of error, Dr. Leopold contends that the trial court abused its discretion by ordering him to pay an additional $5,000 towards Mrs. Leopold's attorney fees when the parties had already agreed that he would pay $2,500 of her attorney fees. Dr. Leopold argues that Mrs. Leopold received substantial assets through the division of property and that she could afford to pay her own attorney fees without his assistance. He also contends that the court abused its discretion by making the attorney fees award without finding that Mrs. Leopold would be prevented from fully litigating her rights and adequately protecting her interests if the court did not award the additional $5,000.
 {¶ 40} R.C. 3105.18(H), which governs the award of attorney fees in divorce actions, reads: "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify any prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees." The decision to award attorney fees as part of an award of spousal support under this statute is vested in the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. Carman v. Carman (1996),109 Ohio App.3d 698, 672 N.E.2d 1093; Demo v. Demo (1995),101 Ohio App.3d 383, 388-389, 655 N.E.2d 791. An abuse of discretion implies that the trial court's attitude in making its award is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140, syllabus.
 {¶ 41} Prior to the spousal support hearing, the parties stipulated to the division of their assets and liabilities. Under this stipulation, Dr. Leopold agreed to pay Mrs. Leopold $2,500 towards her attorney fees. At the hearing, Mrs. Leopold testified that she owed in excess of $20,000 in attorney fees but was not seeking an additional attorney fee award. Her attorney stated that she thought this information was relevant to the spousal support issue because it reflected her client's debt level. In her post-trial submissions, Mrs. Leopold acknowledged that she would be responsible for payment of her own attorney fees and expert witness costs. See Defendant, Paulette Leopold's Proposed Findings of Fact and Conclusions of Law, at ¶¶ 16 and 52. Nonetheless, the trial court found that "[Mrs. Leopold] seeks payment of an additional sum toward her attorney fees and payment of her expert * * *," and ordered Dr. Leopold to pay an additional $5,000 towards Mrs. Leopold's attorney fees and litigation expenses. We conclude that the trial court abused its discretion in awarding the additional attorney fees.
 {¶ 42} First, Dr. Leopold did not address the issue of an additional attorney fee award because he lacked notice that the court was even contemplating one. To award Mrs. Leopold attorney fees without affording Dr. Leopold the opportunity to defend against that award is patently unfair.
 {¶ 43} Second, we find that the court failed to make the requisite findings for an award of attorney fees and there was insufficient evidence in the record to support such findings even if they had been made. The party moving for attorney fees has the burden of proving that expenses were incurred, and that the expenditures were reasonable and necessary. Kell v. Kell (Dec. 14, 1993), Ross App. No. 92CA1931. There must be evidence in the record establishing the nature of the legal services provided, the time spent by counsel, and the rate charged by counsel. Id., citing Knowles v. Knowles (Dec. 18, 1992), Lucas App. No. L-92-033 (an abuse of discretion exists where there is no evidence of the hours worked). Mrs. Leonard introduced no evidence as to the number of hours worked by her attorneys, their hourly rates, or the services they provided.
 {¶ 44} Further, when awarding attorney fees in a divorce action, the court must consider the same factors as when awarding spousal support, as well as the financial ability of the payor spouse and whether a failure to award reasonable attorney fees will prevent the party from litigating her rights and adequately protecting her interests. Williams v. Williams
(1996), 116 Ohio App.3d 320, 328, 688 N.E.2d 30. Here, the court never stated that it considered the relevant factors when deciding to award Mrs. Leopold attorney fees. Moreover, Mrs. Leopold never testified that she would have been prevented from litigating her rights or adequately protecting her interests if the court did not award attorney fees. Therefore, the trial court abused its discretion by awarding Mrs. Leopold $5,000 in attorney fees. Dr. Leopold's third assignment of error has merit.
 {¶ 45} We overrule Mrs. Leopold's four assignments of error and two of Dr. Leopold's assignments of error but sustain Dr. Leopold's final assignment of error. Thus, we affirm the trial court's judgment in part and reverse in part. This matter is remanded to the trial court for further action consistent with this opinion.
Judgment Affirmed in part, Reversed in part, and cause Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED and that Appellant and Appellee split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.