**The STATE of Ohio, Appellee,**

**v.**

**BEACH, Appellant.**

[Cite as *State v. Beach* (1990), 66 Ohio App.3d 229.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58048.

Decided Feb. 26, 1990.

*John T. Corrigan*, Prosecuting Attorney, and *John F. Manley*, Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.*, for appellant.

*Per Curiam.*

Defendant Marvin Beach appeals from the denial of his petition for post-conviction relief and from the trial court's denial of his motion to vacate this ruling. For the reasons set forth below, we affirm.

## I

For his second assignment of error, defendant contends that the trial court erred in denying his motion for post-conviction relief because, he contends, the order and journal entry which affirmed his conviction have been reversed by *State v. Williford* (May 19, 1988), Cuyahoga App. No. 54193, unreported, 1988 WL 51556, affirmed (1990), 49 Ohio St.3d 247, 551 N.E.2d 1279. This claim lacks merit.

Initially, we note with respect to procedure that changes in precedent are generally prospective in application. See *State v. Howard* (1989), 42

Ohio St.3d 18, 26, 537 N.E.2d 188, 195. Moreover, with respect to the substantive law, we hold that no change in precedent has occurred in this instance. That is, in his direct appeal, defendant argued, *inter alia,* that the trial court erred in refusing to give the jury the following instruction regarding self-defense:

"A homeowner lawfully inside his home has the right to resist and to kill any person who commits or attempts to commit a felony against the homeowner, any of the occupants or to the property."

We rejected defendant's claim, and stated:

"This instruction is clearly deficient. It eliminates the need for honest belief of imminent danger, and creates an absolute right to use deadly force against any type of felony, whether life-threatening or not, so long as one is in his home. See *Marts v. State* (1875), 26 Ohio St. 162 (necessity of bona fide belief of imminent danger); *State v. Peacock* (1883), 40 Ohio St. 333 (adoption of *Marts* requirements even when in home)." See *State v. Beach* (Nov. 7, 1985), Cuyahoga App. No. 49720, unreported, 1985 WL 8412.

Next in defendant's direct appeal, we considered the trial court's instruction regarding exceptions to an accused's duty to retreat:

"You will recall that one of the elements necessary for the defendant to establish, with respect to the defense of self-defense, is that the defendant must not have violated any duty to retreat or avoid the danger.

"You are instructed that if a person's assault is without fault and *in a place where he has a right to be* and is put in reasonably apparent danger of losing his life or receiving great bodily harm, *he need not retreat, but may stand his ground, repel force by force, and if in reasonable exercise of self-defense he kills his assailant, he is justified.* There is no duty to retreat where the assault is felonious and produced imminent danger of death or great bodily harm." (Emphasis added.)

We approved this instruction, stating:

"The court's instructions adequately directed the jury to consider the defendant's location, his right to be there and *his lack of any duty to retreat."* (Emphasis added.) *Id.*

We again considered an accused's duty to retreat in *State v. Williford, supra.* In that case, we reversed the defendant's conviction because while the evidence established that the defendant was attacked in his own home, the trial court failed to instruct the jury that he had no duty to retreat from the attack. We expressly distinguished the *Beach* decision, moreover, as the trial court in *Beach* did instruct the jury that there is no duty to retreat if attacked

in a place "where [one] has a right to be * * *." *State v. Williford, supra,* at 22–23.

Accordingly, *Williford* cannot be held to have reversed *Beach,* for while both cases involved violence in the defendant's own home, the *Beach* court apprised the jury of the accused's lack of duty to retreat in the situation and the *Williford* court did not. Indeed, the *Beach* court's instruction regarding the lack of duty to retreat was subsequently determined to be overbroad in favor of the defense in *State v. Jackson* (1986), 22 Ohio St.3d 281, 283–284, 22 OBR 452, 454, 490 N.E.2d 893, 896, as the Supreme Court stated:

"This court held in *State v. Robbins* (1979), 58 Ohio St.2d 74, 79–80 [12 O.O.3d 84, 87–88, 388 N.E.2d 755, 758–759], quoting *State v. Melchior* (1978), 56 Ohio St.2d 15 [10 O.O.3d 8, 381 N.E.2d 195], that ' "[t]o establish self-defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray * * * [citations omitted]; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force * * * [citations omitted]; and (3) the slayer must not have violated any duty to retreat or avoid the danger, *State v. Peacock* (1883), 40 Ohio St. 333, 334; *Graham v. State* (1918), 98 Ohio St. 77, 79 [120 N.E. 232, 233]." ' The *Peacock* and *Graham* cases state, respectively, that one has no duty to retreat if he is assaulted in his home or business.

"In contrast, appellant's proposed instruction states in essence that as long as a person is in *any* place where he has a right to be, there is no duty to retreat from an attack. As the appellate court noted, under appellant's instruction any one in a public place, or any invitee or licensee, would be in a place where he has a right to be and would thus have no duty to retreat. *This instruction is clearly an overbroad and incorrect statement of the law on the duty to retreat as set forth in Robbins, supra, which incorporates exceptions to the duty to retreat only when one is in his home or business. Thus, the trial court did not err by overruling appellant's proposed instruction.*" (Emphasis added.)

For the foregoing reasons, defendant's second assignment of error is overruled.

## II

■ In his first assignment of error, defendant argues that the trial court erred in denying his motion to vacate its ruling on his petition for post-conviction relief because he was not apprised of this ruling, contrary to the mandates of *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, and *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio

St.3d 293, 25 OBR 343, 496 N.E.2d 466. Because this court has accepted defendant's appeal out of rule and has considered its merits, the mandate of these cases has been satisfied. See *Atkinson v. Grumman Ohio Corp.*, *supra*, at 84–85, 523 N.E.2d at 855–856; *Moldovan v. Cuyahoga Cty. Welfare Dept.*, *supra*, at 294–295, 25 OBR at 344–345, 496 N.E.2d at 466–468. See, also, *Abbott v. Stepanik* (1989), 43 Ohio St.3d 128, 539 N.E.2d 157. Thus, defendant's first assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., MATIA and JOHN F. CORRIGAN, JJ., concur.