THE STATE EX REL. HAWK ET AL., APPELLANTS,
*v.* MCCRACKEN, JUDGE, APPELLEE.

[Cite as *State ex rel. Hawk v. McCracken* (1992), 65 Ohio St.3d 397.]

(No. 91–2277—Submitted October 13, 1992—Decided December 11, 1992.)

*Joseph P. Burke,* for appellants.

*Thomas E. Jenks* and *Scott G. Oxley,* for appellee.

*Per Curiam.* For the following reasons, we affirm the judgment of the court of appeals.

Relators asserted in their complaint in mandamus below, and again on appeal, that following the trial court's July 12, 1984 grant of summary judgment in the underlying case, defendant Clinton Memorial Hospital's attorney, on July 20, 1984, mailed a "draft entry" journalizing the ruling to plaintiff's attorney; that on August 15, 1984, defendant's attorney presented the proposed entry, signed only by himself, to the trial court; that this entry was journalized on August 17, 1984; that the court did not specifically notify the attorneys of record of the journalization; that plaintiff's attorney first learned of the journalization more than thirty days thereafter; that on August 15, 1985, plaintiff's attorney filed a "[m]otion * * * to [a]mend [the] [j]udgment [o]rder, * * * so as to have it refiled so as to allow [plaintiff] to perfect an appeal"; and that the trial court knew plaintiff's name and address but failed to make any effort to notify her of the adverse judgment so that she could file an appeal.

Moreover, relators contend that the four-year statute of limitations relied upon by the trial court in dismissing the malpractice action, R.C. 2305.11(B), was declared unconstitutional in *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 28 OBR 346, 503 N.E.2d 717, when that statute was applied against a

minor.   Relators further contend that on August 13, 1986, this court in *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466, held the failure to give a party reasonable notice of a judgment when the name and address of that party are known was "a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution," *id.* at 296, 28 OBR at 345–346, 496 N.E.2d at 468, and constitutes a denial of the party's right to perfect an appeal.

Respondent's position is summarized by his statement: "Appellant's plain and adequate remedy in this case was to file a Rule 60(B) motion and, if overruled, to file an appeal therefrom.   No such motion was ever filed.   No such appeal was filed."   Respondent also points out that at the time of the trial court's ruling on the motion for summary judgment, July 12, 1984, the Ohio Rules of Civil Procedure did not require specific notification of the filing of judgment entries to the parties, other than the notice which occurs when the entry is actually journalized and docketed with the clerk of courts.   See *Town & Country Drive–In Shopping Centers, Inc. v. Abraham* (1975), 46 Ohio App.2d 262, 75 O.O.2d 416, 348 N.E.2d 741.

We agree with respondent.   Plaintiff in the underlying malpractice action did not file a timely notice of appeal from the judgment of August 17, 1984, or the judgment of January 26, 1987.   Nor did plaintiff ever file a Civ.R. 60(B) motion for relief from judgment.   Instead, she followed a pattern of inappropriate, untimely responses.   On July 20, 1984, she received the proposed entry resulting from the July 12, 1984 trial court ruling.   On August 15, 1984, defendant's attorney forwarded his signed copy of the proposed entry to the trial court, which journalized it on August 17, 1984.   More than thirty days later, plaintiff's attorney learned that the entry had been journalized, but took no action until August 15, 1985.   At that time, instead of filing a Civ.R. 60(B) motion, he "invented" a motion to amend the judgment entry.   Moreover, plaintiff waited more than three and one-half years after the trial court overruled her motion to amend to file a notice of appeal from the August 17, 1984 decision.   This appeal was ultimately dismissed.

Accordingly, respondent had no duty to amend the 1984 judgment in 1990, when relators filed their mandamus action.   The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.