**MBA REALTY, Appellee,**

v.

**LITTLE G, INC., Appellant.**

[Cite as *MBA Realty v. Little G, Inc.* (1996), 116 Ohio App.3d 334.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70545.

Decided Dec. 16, 1996.

*John J. Kulig,* for appellee.

*Edwin Davila,* for appellant.

DAVID T. MATIA, Presiding Judge.

Little G, Inc., defendant-appellant, appeals the decision of the Cuyahoga County Court of Common Pleas confirming the arbitration award which found in favor of plaintiff-appellee, MBA Realty, for $12,502.76. Defendant-appellant raises two assignments of error. This court, finding no error, affirms the trial court's decision.

## I. STATEMENT OF FACTS

Little G, Inc., defendant-appellant, owned Gregorios Restaurant, located in North Royalton, Ohio. On or about June 7, 1994, defendant-appellant entered into an exclusive right-to-sell agreement with plaintiff-appellee, MBA Realty. Pursuant to the terms of the agreement, if plaintiff-appellee was successful in selling the property, it would be entitled to a commission of ten percent of the selling price.

Plaintiff-appellee secured a prospective purchaser for the property. On October 15, 1994, the purchase agreement was entered into between the parties. However, defendant-appellant did not pay plaintiff-appellee the commission, which amounted to $11,100.

On November 18, 1994, plaintiff-appellee filed a complaint against defendant-appellant in the Cuyahoga County Court of Common Pleas. On January 13, 1995, defendant-appellant filed a motion to dismiss, arguing that plaintiff-appellee, MBA Realty, was not a trade name registered with the Secretary of State as set forth in R.C. 1329.01. Therefore, defendant-appellant argued that plaintiff-appellee lacked standing to bring this cause of action under R.C. 1329.10(B).

On February 15, 1995, plaintiff-appellee responded to defendant-appellant's motion to dismiss with an affidavit by counsel informing the court that on January 30, 1995, plaintiff-appellee complied with the mandates of R.C. Chapter 1329 and therefore had standing to maintain the action pursuant to R.C. 1329.10(B). On May 22, 1995, the trial court denied defendant-appellant's motion to dismiss.

Defendant-appellant subsequently amended its answer to include a counterclaim against plaintiff-appellee, alleging professional misconduct. Defendant-appellant argued that plaintiff-appellee breached its fiduciary duty to act in its best interests when it persuaded a prospective buyer to purchase another restaurant. Defendant-appellant sought $25,000 in damages.

On November 3, 1995, the case was referred to arbitration pursuant to Loc.R. 29 of the Court of Common Pleas of Cuyahoga County, General Division. The arbitration hearing was held February 7, 1996. The arbitrator found in favor of plaintiff-appellee for $11,000, plus interest, for a total of $12,502.76. Defendant-appellant's counterclaim was denied. On March 20, 1996, the trial court confirmed the award. Defendant-appellant timely files this appeal.

## II. FIRST ASSIGNMENT OF ERROR

Little G, Inc., defendant-appellant, states as its first assignment of error:

"I. The trial court erred in failing to dismiss this matter because MBA Realty was not a registered fictitious name at the time the complaint was filed."

## A. ISSUE RAISED: WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT–APPELLANT'S MOTION TO DISMISS.

Defendant-appellant argues that the trial court erred in denying its motion to dismiss. Specifically, defendant-appellant argues that plaintiff-appellee lacked

standing, as its fictitious name was not registered with the Secretary of State at the time the action was commenced as mandated by R.C. 1329.10(B).

Defendant-appellant's first assignment of error is not well taken.

## B. STANDARD OF REVIEW: MOTION TO DISMISS.

■ The trial court's judgment denying defendant-appellant's motion to dismiss will not be disturbed unless it is clear that the decision was an abuse of discretion. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140; *Broadview Hts. v. Figler* (Mar. 17, 1994), Cuyahoga App. No. 65026, unreported, 1994 WL 86201. As stated by the Ohio Supreme Court in *Blakemore*:

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Id.* at 219, 5 OBR at 482, 450 N.E.2d at 1142, citing *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

## C. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING DEFENDANT–APPELLANT'S MOTION TO DISMISS.

■ Defendant-appellant argues that plaintiff-appellee lacked standing to bring this action pursuant to R.C. 1329.10(B), which states:

"No person doing business under a trade name or fictitious name *shall commence or maintain* an action in the trade name or fictitious name in any court in this state or an account of any contracts made or transactions had in the trade name or fictitious name until it has first complied with section 1329.01 of the Revised Code and, if the person is a partnership, it has complied with section 1777.02 of the Revised Code, *but upon compliance, such an action may be commenced or maintained on any contracts or transactions entered into prior to compliance.*" (Emphasis added.)

From a clear reading of the statute, a person doing business under a fictitious trade/business name may maintain a cause of action in the trade/business name if he or she has registered the fictitious name in accordance with R.C. 1329.01 prior to the entry of final judgment. See *Thomas v. Columbus* (1987), 39 Ohio App.3d 53, 528 N.E.2d 1274; *Cheliotis v. Gould* (Dec. 20, 1995), Montgomery App. No. 15281, unreported, 1995 WL 765597.

In the case *sub judice*, it is undisputed that plaintiff-appellee had not registered the name of the business pursuant to R.C. 1329.01 prior to commencing the cause of action. However, it is equally undisputed that plaintiff-appellee registered the business name during the pendency of the case and before the trial court ruled upon defendant-appellant's motion to dismiss.

Accordingly, since plaintiff-appellee registered the business's name with the Secretary of State pursuant to R.C. 1329.01 prior to the final judgment, it had standing to maintain the present cause of action. R.C. 1329.10(B). See, also, *Ebner v. Caudill* (1994), 93 Ohio App.3d 785, 639 N.E.2d 1231; *GMS Mgmt. Co. v. Axe* (1982), 5 Ohio Misc.2d 1, 5 OBR 53, 449 N.E.2d 43. The trial court did not abuse its discretion in denying defendant-appellant's motion to dismiss.

Defendant-appellant's first assignment of error is not well taken.

## III. SECOND ASSIGNMENT OF ERROR

Little G, Inc., defendant-appellant, states as its second assignment of error:

"II. The trial court erred in rendering judgment on an arbitration decree not served upon out-of-county counsel."

### A. ISSUE RAISED: WHETHER THE TRIAL COURT ERRED IN ENTER-ING JUDGMENT FOR PLAINTIFF–APPELLEE.

Defendant-appellant argues that since service of the arbitration award was not served upon out-of-county counsel, the appeal time from the arbitration award should not have run pursuant to Civ.R. 58(B).

Defendant-appellant's second assignment of error is not well taken.

### B. CIV.R. 58(B).

Civ.R. 58(B) states:

"(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. *The failure of the clerk to serve notice does not affect the validity of the judgment* or the running of the time for appeal except as provided in App.R. 4(A)." (Emphasis added.)

The clear purpose of Civ.R. 58(B) is to prevent the party adversely affected by the order from losing the opportunity to file a timely appeal. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851.

### C. THE TRIAL COURT DID NOT ERR IN RENDERING JUDGMENT FOR PLAINTIFF–APPELLEE.

Initially, we note that the burden is on the parties to follow the progress of their own case. *Maynard .v. Maynard* (Feb. 11, 1982), Cuyahoga

App. No. 43642, unreported, 1982 WL 2340.   Second, there is a rebuttable presumption of proper service when there is compliance with the Civil Rules regarding service.   *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 23 O.O.3d 34, 429 N.E.2d 1188.

In his second assignment of error, defendant-appellant is apparently arguing that it was precluded from objecting to the arbitration report.   However, a review of the entire record establishes that the only evidence regarding this issue is the arbitration award itself, which states that copies of the award and report were mailed to the parties and/or counsel to the parties on February 7, 1996.   We find that defendant-appellant has failed to substantiate the fact that it never received service of the arbitration award and report.

Moreover, the proper mechanism for defendant-appellant to make his objections after the time for appeal had run would have been a motion for relief from judgment pursuant to Civ.R. 60(B).   This defendant-appellant did not do.   See *State ex rel. Hawk v. McCracken* (1992), 65 Ohio St.3d 397, 604 N.E.2d 738; *Wainey v. Hollymatic Corp.* (Apr. 27, 1995), Cuyahoga App. No. 66998, unreported, 1995 WL 248523.

Defendant-appellant's second assignment of error is not well taken.

*Judgment affirmed.*

O'DONNELL and TIMOTHY F. McMONAGLE, JJ., concur.