OPINION
Claude A. Smith, relator, is seeking a writ of mandamus to compel respondent, Gerald Fuerst, clerk of the common pleas court, to serve him notice of the trial court's journal entry of October 17, 1996, via certified mail, in the case of State v.Smith, C.P. Case No. CR-017260. The October 17 journal entry contained the ruling of the trial court granting the state's motion to dismiss relator's petition for postconviction relief. Respondent moved for summary judgment and, for the reasons that follow, we grant respondent's motion.
Attached to respondent's motion are certified copies of the docket and the October 17, 1996, journal entry in the subject case, along with the Affidavit of John Chmielewski, the Chief Deputy in charge of the Criminal Division of the Clerk of Court's office for the Cuyahoga County Court of Common Pleas. In his affidavit, Mr. Chmielewski explained the procedure of the clerk's office for sending out notices of final orders and averred, in relevant part, as follows:
 2. It is the practice of the Clerk's Office to send notice to all relevant parties of any final verdicts, judgments or orders.
 3. On October 17, 1996 a journal entry was posted on the docket by this office regarding case number CR 17260, State of Ohio v. Claude Smith.
* * *
 5. Included within the docket entry noting this dismissal is the notation `M 10-18-96.'
 6. It is the practice of the Clerk's Office to note the letter `M' and a date as a designation of when notice of a particular entry is sent out to the parties involved.
* * *
 8. Exhibit A, attached to this affidavit, is a true and accurate copy of the docket page in the case of State of Ohio v. Claude Smith which includes the above mentioned entry.
 9. Furthermore, it is the practice of the Clerk's Office to note at the bottom of journal entries when photocopies of the entries are mailed out.
 10. Exhibit B, attached to this affidavit, is a certified copy of the journal entry in the case of State of Ohio v. Claude Smith stating `Motion to Dismiss Defendant's Petition for Post Conviction (sic) Relief is granted.'
 11. At the bottom of Exhibit B the notation `Mansfield Cor. 10-18-96' indicates that a copy of this journal entry was sent to Claude Smith at Mansfield Correctional Institution in Mansfield, Ohio on October 18, 1996.
In response, relator supplied the Affidavit of Robert Riddle, the Unit Management Administrator of the Mansfield Correctional Institution. Mr. Riddle explained that "[l]egal mail from all courts, Clerk of the Courts and attorneys are logged in the Legal Mail Log and prisoners are required to sign the log before receiving such mail at the mail office window." Mr. Riddle further averred that "[t]he Log shows that in the month of October 1996 inmate Claude A. Smith, A-145-280, did not receive any legal mail from anywhere during that month."
Relator contends it is the duty of the clerk to serve notice of any final appealable judgment or order within three days of its entry in any manner provided by Civ.R. 5 upon every party not in default for failure to appear. See Civ.R. 58(B); Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 523 N.E.2d 851. The evidence submitted by respondent demonstrates compliance with the clerk's duty to serve notice. The clerk has no duty to serve notice by certified mail as requested in relator's complaint. The clerk may serve notice in any manner provided by Civ.R. 5(B), which includes ordinary mail. Because respondent has performed his duty of issuing notice, relator's claim is moot. A writ of mandamus will not be issued to compel an act that has already been performed. State ex rel. Wilson v. Sunderland (2000),87 Ohio St.3d 548.
The fact that relator's evidence indicates he may not have received the notice does not demonstrate that the clerk of court failed to comply with the duty to send the notice. Relator has an adequate remedy through the use of Civ.R. 60(B)(5) to raise the issue of failing to receive notice of a final judgment which prevented a timely appeal. See MBA Realty v. Little G, Inc.
(1996), 116 Ohio App.3d 334, 688 N.E.2d 39; Nichols v. SidneyMotors (1988), 61 Ohio App.3d 590, 573 N.E.2d 701; see, also,State v. Beach (1990), 66 Ohio App.3d 229, 583 N.E.2d 1097.
Accordingly, respondent's motion for summary judgment is granted.
Writ denied. Costs to relator.
TERRENCE O'DONNELL, J., CONCURS.
 ___________________________________ ANN DYKE ADMINISTRATIVE JUDGE