JOURNAL ENTRY AND OPINION
Relator requests that this court compel respondent judge to respond to motions filed as well as resentence relator on count 3 in State v. Porter, Cuyahoga County Court of Common Pleas Case No. CR-233173.
Respondent has filed a motion to dismiss or, in the alternative, motion for summary judgment, attached to which are copies of journal entries issued by the court of common pleas and received for filing by the clerk in which the court of common pleas disposed of relator's motions as well as previously modified relator's sentence. Relator has not opposed the motion. Respondent argues that this action in mandamus is, therefore, moot. We agree.
Additionally, relator has named the prosecuting attorney as a respondent. Relator has not, however, established any clear legal duty on the part of the prosecuting attorney. As a consequence, relief in mandamus would not be appropriate.
Relator has also moved for leave to amend the complaint to add the clerk of courts as a party because relator has not been provided with the journal entries in controversy. By separate entry, we have granted the motion for leave to amend the complaint. We note, however, that relief against the clerk would likewise be inappropriate.
 The fact that relator's evidence indicates he may not have received the notice does not demonstrate that the clerk of court failed to comply with the duty to send the notice.
 Relator has an adequate remedy through the use of Civ.R. 60(B)(5) to raise the issue of failing to receive notice of a final judgment which prevented a timely appeal. See MBA Realty v. Little G, Inc. (1996), 116 Ohio App.3d 334, 688 N.E.2d 39; Nichols v. Sidney Motors (1988), 61 Ohio App.3d 590, 573 N.E.2d 701; see, also, State v. Beach (1990), 66 Ohio App.3d 229, 583 N.E.2d 1097.
State ex rel. Smith v. Fuerst (Feb. 10, 2000), Cuyahoga App. No. 77325, unreported, at 4. Although we recognize that Smith, supra, arose in a different procedural context (i.e., the granting of a motion to dismiss a petition for postconviction relief), Smith does stand for the proposition that the mere assertion of a failure to receive notice is not sufficient to state a claim for relief against the clerk of courts.
Accordingly, respondent's motion to dismiss or, in the alternative, motion for summary judgment is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
TERRENCE O'DONNELL, J. CONCURS