DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Adams County Court of Common Pleas, Domestic Relations Division, which denied the Civ.R. 60(B) motion of Plaintiff-Appellant Caleb D. Sulfridge, thereby sustaining its judgment awarding Defendant-Appellee Mary Kindle attorney fees.
Appellant argues that the trial court abused its discretion in denying his Civ.R. 60(B) motion because he did not receive notice of a hearing on the issue of attorney fees.
We find appellant's argument to be well taken and reverse the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
Our review of the record reveals the following facts pertinent to the instant appeal.
On November 14, 1997, Plaintiff-Appellant Caleb D. Sulfridge filed a divorce action in Adams County Court of Common Pleas, Domestic Relations Division, against Defendant-Appellee Mary Kindle.
On May 6, 1999, appellee filed a motion for summary judgment asserting that a common-law marriage did not exist.[1] Consequently, appellee argued, there could be no divorce if a valid marriage had never existed. Appellee also requested, in this same motion, to be reimbursed for the reasonable attorney fees she expended in litigating the action.
On May 26, 1999, the trial court granted appellee's motion for summary judgment. In this entry, the trial court also set July 12, 1999, as the date for the hearing on appellee's request for attorney fees.
On August 6, 1999, appellant appealed to this Court, arguing that the trial court erred in granting appellee's motion for summary judgment.
While awaiting our decision, a series of motions for continuance were granted by the trial court, culminating in an entry by the trial court continuing the hearing on appellee's request for attorney fees until after this Court ruled on appellant's appeal.
On February 15, 2000, we issued an entry and order dismissing appellant's appeal. See Sulfridge v. Kindle (Feb. 15, 2000), Adams App. No. 99CA676, unreported. Our basis for this conclusion was that "[d]amages are part of a claim for relief, rather than a separate claim in and of itself, and therefore a determination of liability without determination of damages is not a final appealable order * * *." Id. Thus, as the hearing on appellee's request for reasonable attorney fees had not yet been held, the May 26, 1999 order was not a final appealable order. Accordingly, we dismissed appellant's appeal.
On April 12, 2000, appellee filed a motion with the trial court requesting that a date and time be established for the hearing on her request for reasonable attorney fees.
On April 17, 2000, the trial court issued an entry, which set the hearing for May 16, 2000.
On May 15, 2000, appellee filed a motion for continuance with the trial court, requesting that the hearing be continued because "[c]ounsel's family was involved in an automobile accident * * * and is needed to care for his family while they convalesce."
On May 16, 2000, the trial court issued an entry granting appellee's motion, rescheduling the hearing for June 26, 2000.
The scheduled hearing was not held on June 26, 2000. We find no explanation in the record as to why the hearing was not held on this date.
On July 3, 2000, seven days after the hearing was supposed to have been held, appellant filed a motion for continuance with the trial court requesting that the hearing again be continued.
An entry form that provided blanks for the trial judge to fill in the date and time if he granted the requested continued hearing was attached to this motion. These blanks were filled in, in handwriting, with the date of August 28, 2000, and the time of 11:30 a.m. This entry form was signed by the trial judge. Additionally, handwritten at the bottom of the entry form, was "C: Counsel."
This entry was file-stamped by the Adams County Clerk of Courts on the same day, and at the same time, as appellant's motion for continuance: July 3, 2000, at 12:08 p.m.
The trial court's docket reflects that the parties were mailed copies of this entry on July 6, 2000.
Nevertheless, on August 18, 2000, appellee filed a motion with the trial court requesting that it "set a date for the motion for attorney fees which was previously filed with this court." Attached to this motion is a certificate of service averring that appellant was served with a copy of this motion.
There is no entry in the record reflecting whether any action was taken by the trial court on this motion.
On August 28, 2000, the hearing regarding appellee's motion for an award of reasonable attorney fees was held. Appellee was the only party that attended the hearing; appellant was not present either in person or by his counsel of record. At this hearing, the trial court considered only the evidence proffered by appellee: (1) an affidavit wherein appellee's counsel averred that $11,442.80 accurately represented the amount he had charged appellee for the legal services he had provided to represent her in this matter;[2] and (2) an attorney who testified that the figure arrived at by appellee's counsel was, in her opinion, reasonable.
In arriving at its judgment, the trial court stated the following.
 Okay. I see nothing in the file in opposition to this motion filed today. No appearance. It was set for a hearing today, as I previously indicated. So hearing no objection, the motion will be considered favorably and you can prepare an entry * * *. Please note in the entry that the matter was previously set and the matter was called and no appearance.
On that same day, August 28, 2000, the trial court issued an entry awarding appellee $11,442.80 in attorney fees — noting that, "The plaintiff and his counsel, having been noticed of the date and time for hearing [sic] failed to appear."
On September 6, 2000, appellant filed a motion to set aside the August 28, 2000 judgment. Appellant included an affidavit with this motion, averring that he had never received notice of the hearing. Appellant also requested a hearing on this motion.
On September 8, 2000, appellee filed a memorandum in opposition to appellant's motion to set aside the judgment.[3] This memorandum, in its entirety, was comprised of a single sentence, "A copy of the court's docket indicating that service was made upon [appellant] is attached."
On September 27, 2000, without hearing, despite appellant's request, the trial court denied appellant's motion to set aside the judgement.
Appellant filed a timely appeal from the September 27, 2000 order and assigned the following error for our review.
 THE TRIAL COURT ERRED BY NOT GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT WITHOUT A HEARING, WHEN PLAINTIFF HAD NOT RECEIVED SERVICE, THEREBY ABUSING ITS DISCRETION.
 ANALYSIS
Appellant, in his brief to this Court, makes a two-tiered argument supporting his contention that the trial court erred in denying appellant's motion to set aside the judgment. First, he argues that the requirements of Civ.R. 60(B) do not apply to a motion for relief from judgment which asserts lack of notice as a basis. Second, he argues, in the alternative, that Civ.R. 60(B)(1) or (5) provides him relief from the judgment. We find appellant's latter argument to be meritorious and well taken.
 I.
We begin our analysis by discussing whether the requirements of Civ.R. 60(B) apply to a motion for relief from judgment which asserts lack of notice as a basis.
To support this argument, appellant relies on, inter alia, a case from the First District Court of Appeals, Cincinnati Insurance Co. v. Emge (1997), 124 Ohio App.3d 61, 705 N.E.2d 408. The Emge Court, in reaching its decision, explained the following.
 Service of process must be reasonably calculated to notify interested parties of the pendency of an action and afford them an opportunity to respond. A default judgment rendered without proper service is void. A court has the inherent power to vacate a void judgment; thus, a party who asserts improper service need not meet the requirements of Civ.R. 60(B).
(Emphasis added.) Emge, 124 Ohio App.3d at 61, 705 N.E.2d at 408.
Recognizing the distinction between the case sub judice and those with holdings similar to Emge is crucial.
Emge involves the failure of a court to notify a party of the commencement of the action itself. Such an omission deprives a court of personal jurisdiction over the party. See Patton v. Diemer (1988),35 Ohio St.3d 68, 518 N.E.2d 941. If a court proceeds to judgment without attaining personal jurisdiction over the party, such a judgment is void ab initio. See, e.g., Compuserve, Inc. v. Trionfo (1993),91 Ohio App.3d 157, 631 N.E.2d 1120 ("[A] judgment rendered without personal jurisdiction over a defendant is void. * * *. Therefore, the authority to vacate a void judgment `is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts.'" (Citations omitted.)).
However, this is not the procedural posture in the instant matter. In the case sub judice, appellant is arguing that the trial court failed to notify him of a hearing on a motion after the action had commenced. At this point, there is no question that the trial court had personal jurisdiction over appellant; indeed, appellant was the party that initiated the divorce action.
Civ.R. 60(B) * * * is an allegation that the judgment is voidable on account of fraud, mistake, excusable neglect or some other reason. A motion to vacate judgment on jurisdictional grounds is a direct attack upon a judgment authorized by common law, and constitutes an allegation that the judgment is void.
(Emphasis added.) Lincoln Tavern v. Snader (1956), 165 Ohio St. 61,133 N.E.2d 606.
Accordingly, appellant's challenge is properly framed in the form of a Civ.R. 60(B) motion. See, generally, Nichols v. Sidney Motors (1988),61 Ohio App.3d 590, 573 N.E.2d 701 (holding that "the best procedure for dealing with the trial court's failure to give reasonable notice of a judgment is the filing of a motion for relief from judgment under Civ.R. 60(B)").
Therefore, the question we must answer is whether the trial court erred by denying appellant's Civ.R. 60(B) motion.
 II.
A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court. Thus, a reviewing court should not reverse the ruling of a trial court on a Civ.R. 60(B) motion absent an abuse of discretion. See Dunkle v. Dunkle (1999), 135 Ohio App.3d 669,735 N.E.2d 469; accord Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 520 N.E.2d 564.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. Serb (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30.
In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish an abuse of discretion. See Cox v. Fisher Fazio Foods, Inc. (1984), 13 Ohio App.3d 336,469 N.E.2d 1055. Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant." Sinclair v. Sinclair (1954),98 Ohio App. 308, 129 N.E.2d 311.
Further, "[t]he discretion exercised by the trial court in considering a Civ.R. 60(B) motion is not unbridled." Dunkle v. Dunkle,135 Ohio App.3d at 669, 735 N.E.2d at 469. Rather, the trial court must comply with the holding in GTE Automatic Elec. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 351 N.E.2d 113. Before Civ.R. 60(B) relief may be awarded, GTE requires the trial court to consider whether the movant has adequately met and demonstrated three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in [Civ.R. 60(B)(1) through (5)]; and (3) the motion is made within a reasonable time, and, where the grounds of relief are [Civ.R. 60(B)(1), (2) or (3)], not more than one year after the judgment, order or proceeding was entered or taken.
Id. at paragraph two of the syllabus. All three of these requirements must be met for appellant to prevail. See Strack v. Pelton (1994),70 Ohio St.3d 172, 637 N.E.2d 914. Against this backdrop, we will consider whether the trial court abused its discretion by denying appellant's Civ.R. 60(B) motion for relief from judgment.
A review of the record indicates that the first requirement was satisfied. Under Civ.R. 60(B), a movant's burden is only to allege a meritorious claim or defense, not to prove that he will prevail on that claim or defense. See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 520 N.E.2d 564; Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879. Here, appellant argues that he was deprived of the opportunity to defend against appellee's claim that she was entitled to attorney fees.
In Ohio, attorney fees are not granted as a part of costs, barring certain exceptions which are here inapplicable. See Sorin v. Board of Education (1976), 46 Ohio St.2d 177, 347 N.E.2d 527. Rather, an award of attorney fees must be predicated on statutory authorization, a finding of bad faith, or actions which are vexatious, wanton, obdurate, or oppressive. See Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307,649 N.E.2d 1219. Thus, the movant requesting attorney fees has the burden of demonstrating that she is entitled to attorney fees, and, conversely, the non-moving party should be permitted the corresponding opportunity to challenge such a claim. See id.
In McDade v. McDade (Sept. 21, 1995), Franklin App. No. 94APF08-1170, unreported, the Tenth District Court of Appeals accepted as a meritorious defense, an essentially identical argument as that made by appellant in the case sub judice.
 In support of his claim that he had a meritorious defense, [the] appellant asserted that there was no applicable legal basis for the trial court to award * * * attorney fees. * * *. [The a]ppellant's defense was that [the] appellee's award[of] attorney fees had no applicable authority and [was] invalid. This court finds the defense meritorious; for Civ.R. 60(B) purposes, it is improper to determine whether the movant will prevail. Accordingly, this court finds that the trial court abused its discretion when it found that appellant had no meritorious defense.
Id. (Citations omitted.).
Accordingly, we find that appellant has alleged a meritorious defense in satisfaction of the first prong of the GTE analysis.
We also find that the third requirement of the GTE analysis is met. Appellant timely filed his motion to set aside the August 28, 2000 judgment on September 6, 2000.
Therefore, having satisfied prongs one and three of the GTE analysis, the success of appellant's appeal hinges upon the second prong: whether appellant has a valid claim under Civ.R. 60(B)(1) through (5).
Appellant argues that he should have been granted relief from the judgment based on two sections of Civ.R. 60(B): Section (1), that there was "mistake, inadvertence, surprise or excusable neglect"; and Section (5), the residual clause, for "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5).
We begin by addressing appellant's Civ.R. 60(B)(5) argument. Appellant contends that, "Even if Civ.R. 60(B)(1) does not apply, then Civ.R. 60(B)(5), granting relief for any other reason justifying relief, does apply." This argument is erroneous.
In Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, the Supreme Court of Ohio held that Civ.R. 60(B)(5) is unavailable when other provisions of Civ.R. 60(B) are applicable. "Civ.R. 60(B)(5) applies only when a more specific provision does not apply." (Emphasis added.) Id. at 65, 448 N.E.2d at 1367; accord Cuyahoga Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437,705 N.E.2d 318; see Whitt v. Bennett (1992), 82 Ohio App.3d 792,613 N.E.2d 667 (explaining that only matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5)); Lopez v. Perea (Feb. 7, 2000), Stark App. No. 1999CA00258, unreported; Salmonson v. Copperweld Steel Co. (Mar. 30, 2001), Trumball App. No. 2000-T-0026, unreported.
Here, appellant asserts that, if Civ.R. 60(B)(1) does not provide relief, then, in the alternative, Civ.R. 60(B)(5) should apply. Such an application of Civ.R. 60(B)(5) is clearly erroneous; Civ.R. 60(B)(5) "is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." Caruso-Ciresi, Inc. v. Lohman, 5 Ohio St.3d 65,448 N.E.2d at 1367; see Cuyahoga Support Enforcement Agency v. Guthrie,84 Ohio St.3d at 439, 705 N.E.2d at 321. Accordingly, we turn to appellant's Civ.R. 60(B)(1) argument.
Appellant asserts that his failure to appear at the attorney-fees hearing was "excusable neglect" as contemplated by Civ.R. 60(B)(1). We agree.
"The concept of `excusable neglect' must be construed in keeping with the proposition that Civ.R. 60(B)(1) is a remedial rule to be liberally construed, while bearing in mind that Civ.R. 60(B) constitutes an attempt to `strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.'" (Citation omitted.) Colley v. Bazell (1980), 64 Ohio St.2d 243, 248,416 N.E.2d 605, 609; accord In re Whitman (1998), 81 Ohio St.3d 239,690 N.E.2d 535. When determining whether there has been excusable neglect, "all surrounding facts and circumstances should be taken into account." McDade, supra; see Colley v. Bazell, 64 Ohio St.2d at 243,416 N.E.2d at 605.
Appellee's extraordinarily scant argument in her brief to this Court is, in its entirety, as follows. "The [trial court's] docket in this case reflects that notice of hearing in question [sic] was sent to [appellant's] counsel. There is no indication on the [trial court's] docket that this notice was returned to the [trial court]. [Appellee] asserts that proper notice of said hearing was given." Without mentioning a single proposition of law, appellee ended this three-sentence argument with an unexplained citation to MBA Realty v. Little G, Inc. (1996),116 Ohio App.3d 334, 688 N.E.2d 39.
While appellee is correct that the lower court's docket reflects that notice of the hearing was sent to appellant's counsel, she is incorrect to end her analysis there. MBA Realty, which she cited, holds, inter alia, that "there is a rebuttable presumption of proper service when there is compliance with the civil rules of service." (Emphasis added.) MBA Realty, 116 Ohio App.3d at 334, 688 N.E.2d at 39, citing to Grant v. Ivy (1980), 69 Ohio App.2d 40, 429 N.E.2d 1188.
Here, appellant has offered rebuttal evidence: he filed, with his September 6, 2000 motion to set aside the judgment, an affidavit swearing that he had never received notice of the hearing. Appellee has offered no evidence to refute this affidavit — she merely submitted the trial court's own docket sheet. Further, the trial court did not grant the requested evidentiary hearing to evaluate the allegations of appellant's Civ.R. 60(B) motion.
Other Ohio appeals courts have held that when a party makes a sworn statement that he did not receive service, there must be a further evidentiary showing that the party was served to rebut the party's statement. A court may not draw inferences which are contrary to the party's statement. * * *. This court has also held that a trial court abuses its discretion and it is reversible error for a court to overrule a party's motion to vacate a dismissal when the party has clearly demonstrated, through unchallenged testimony, that he had not received service. * * *. This is true even if the other party has complied with the Civil Rules on service.
We find that the statements * * * in his affidavit that he had not received the entries * * *, placed the burden on the appellee to make a further evidentiary showing that the appellants had received the entries. Appellee entered no evidence which would refute the claim * * * that appellants had not received the entries.
Rogers v. United Presidential Life Ins. Co. (1987), 36 Ohio App.3d 126,129, 521 N.E.2d 845, 848. Accordingly, appellant's affidavit, averring that he had not received notice of the hearing, operated to shift the burden to appellee to make a further evidentiary showing that appellant had received notice. Appellee made no such evidentiary showing. Thus, as the trial court did not grant an evidentiary hearing to evaluate the credibility of the affidavit, appellant's testimony stands unchallenged. "It is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service." Rafalski v. Oates,17 Ohio App.3d 65, 66, 477 N.E.2d 1212, 1215; accord Nationwide Ins. Co. v. Mahn (1987), 36 Ohio App.3d 251, 522 N.E.2d 1096 (holding that, given the movant's uncontroverted sworn affidavit that she did not receive notice, she "should be afforded the opportunity at an evidentiary hearing to contest the issue of notice"); cf. Wilson's Auto Service, Inc. v. O'Brien (Mar. 4, 1993), Franklin App. No. 92AP-1406, unreported, (holding that an uncontroverted affidavit does not ipso facto entitle the movant to relief from judgment; rather, it entitles the movant to a hearing on the motion, at which time the trial court may reject the movant's testimony for want of credibility).
In a case factually similar to the instant matter, we held the following.
We deem it manifest from the whole record that * * * failure to attend the * * * hearing was the result of a failure of notice and not due to any intent * * * to no longer defend the action. The appellants have vigorously defended this matter by conducting discovery and by contesting the issues and testimony * * *. [The a]ppellants have further gone to the expense of pursuing this appeal. Hence, we conclude that the failure to attend the hearing * * * was not deliberate on [their] part * * *.
Goldcamp v. Lutes (July 7, 1983), Scioto App. No. 1394, unreported.
Likewise, we find that the record in this case yields the reasonable conclusion that appellant's failure to appear at the hearing was the result of a failure of notice and not due to any intent to no longer defend the action. See, generally, Ellinepworth v. Chrysler (1981),665 F.2d 180 (The Seventh Circuit Court of Appeals reversed a denial of a motion to vacate a judgment where no written notice was sent to confirm the trial date and no attempt was made to contact the attorneys when they failed to appear at trial.); Seven Elves, Inc. v. Eskenazi (1981),635 F.2d 396 (The Fifth Circuit Court of Appeals explained that it is appropriate that the federal analogue to Civ.R. 60(B)(1) be liberally applied where the judgment resulted from an honest mistake rather than willful misconduct, carelessness, or negligence.).
Such a conclusion is particularly palatable in light of the fact that forty-three days after the trial court allegedly served notice on appellant, appellee filed a motion with the trial court to "set a date for the motion for attorney fees which was previously filed with this court." A copy of this motion was provided to appellant. As we noted earlier, there is no entry in the record reflecting whether the trial court took any action on this motion. Ten days later, the hearing was held.
While it is the duty of an attorney to remain abreast of the progress of his or her docket, see Kay v. Glassman (Feb. 1, 1995), Summit App. No. 16726, unreported, we find it reasonable, assuming appellant was indeed not provided notice of the hearing, that appellant's counsel would presume that a date for the hearing on appellee's motion was not yet established.
Therefore, keeping in mind that excusable neglect should be construed liberally, we find that the trial court abused its discretion when it did not find appellant's reason for missing the hearing — lack of notice — sufficient to establish excusable neglect under Civ.R. 60(B)(1). See Colley v. Bazell, 64 Ohio St.2d at 243, 416 N.E.2d at 605; accord McDade, supra.
Appellant's assignment of error is SUSTAINED.
 CONCLUSION
For the foregoing reasons, we SUSTAIN appellant's assignment of error and REVERSE the judgment of the Adams County Court of Common Pleas, Domestic Relations Division. The cause is remanded for further proceedings not inconsistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause be remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
This Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COURT OF COMMON PLEAS, DOMESTIC RELATIONS DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
Abele, P.J.: Concurs in Judgment Only.
Harsha, J.: Concurs in Judgment Only with Concurring Opinion.
[1] We note that common-law marriage was recognized in Ohio until October 10, 1991. See R.C. 3105.12(B); see, generally, Lyon v. Lyon (1993), 86 Ohio App.3d 580, 621 N.E.2d 718 (holding that common-law marriages prior to October 10, 1991, will continue to be recognized if they meet certain requirements and have not been terminated by death, divorce, dissolution, or annulment).
[2] We note that this affidavit was filed at 11:24 a.m., August 28, 2000 — just minutes before the scheduled time for the hearing. This affidavit was attached to a motion to supplement appellee's request for attorney fees.
[3] We note that she styled this memorandum as "Motion."