[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 574.]

THE STATE EX REL. GADSDEN, APPELLANT, *v.* LIOI, JUDGE, APPELLEE.

[Cite as *State ex rel. Gadsden v. Lioi*, 2001-Ohio-1611.]

*Mandamus sought to compel common pleas court judge to vacate ruling revoking relator's probation and reimposing his 1993 sentence—Dismissal of complaint affirmed.*

(No. 01-679—Submitted September 18, 2001—Decided November 14, 2001.)

APPEAL from the Court of Appeals for Stark County, No. 2001CA00087.

_____

*Per Curiam.*

{¶ 1} In 1993, the Stark County Court of Common Pleas convicted appellant, James Lee Gadsden, Jr., of three counts of robbery, and sentenced him to concurrent terms of five to fifteen years in prison. The common pleas court suspended the sentence and placed Gadsden on probation. Gadsden was subsequently arrested and charged with robbery, receiving stolen property, and domestic violence, and the state moved to revoke his probation.

{¶ 2} In July 1994, the common pleas court revoked his probation and reimposed his 1993 sentence. Gadsden was subsequently convicted of robbery and sentenced to prison for eleven to fifteen years on that charge.

{¶ 3} In 1999, Gadsden filed a motion to file a delayed appeal with the Court of Appeals for Stark County from the July 1994 judgment revoking his probation, and the court of appeals denied the motion. We dismissed Gadsden's further appeal. *State v. Gads[d]en* (2000), 88 Ohio St.3d 1514, 728 N.E.2d 402. In June 2000, Gadsden filed a complaint in the common pleas court to vacate the July 1994 entry.

{¶ 4} In March 2001, Gadsden filed a complaint in the court of appeals for a writ of mandamus to compel appellee, Judge Sara Lioi of the Stark County Court

of Common Pleas, to vacate the July 1994 sentence. The court of appeals dismissed the cause.

{¶ 5} In his appeal of right, Gadsden asserts that the court of appeals erred in dismissing his complaint. For the following reasons, Gadsden's assertion is meritless.

{¶ 6} As the court of appeals held, Gadsden had an adequate remedy by appeal to contest his July 1994 probation revocation. *State ex rel. Tucker v. Rogers* (1993), 66 Ohio St.3d 36, 607 N.E.2d 461, 462.

{¶ 7} Moreover, Gadsden had adequate remedies by delayed appeal and motion to vacate the July 1994 judgment to raise his claim that he was not afforded sufficient notice of the July 1994 revocation. Cf., *e.g., State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983, 984; *State ex rel. Hawk v. McCracken* (1992), 65 Ohio St.3d 397, 399, 604 N.E.2d 738, 740.

{¶ 8} Finally, the fact the Gadsden has already unsuccessfully invoked some of his alternate legal remedies to raise his claims precludes him from relitigating the same claims in an action for extraordinary relief. See *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249; *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

{¶ 9} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*James Lee Gadsden, Jr., pro se*.

*Robert D. Horowitz*, Stark County Prosecuting Attorney, and *Ronald Mark Caldwell*, Assistant Prosecuting Attorney, for appellee.

_____