JOURNAL ENTRY AND OPINION
This case stems from a judgment against defendant-appellant, Little G., Inc., obtained by plaintiff-appellee, Peter Vadas, d/b/a MBA Realty, in 1994 in Case No. 280577 in the Cuyahoga County Court of Common Pleas.
On June 7, 1994, Little G. entered into an exclusive right to sell agreement with appellee regarding a restaurant and tavern it owned. Pursuant to the terms of the agreement, Little G. would pay appellee a commission totaling 10% of the selling price if appellee successfully sold the property. Appellee procured a purchaser for the property and a purchase agreement was entered into between the parties; however, Little G. did not pay appellee any commission.
On November 18, 1994, appellee filed a complaint against appellant in the Cuyahoga Court of Common Pleas in Case No. 280577 regarding appellant's failure to pay the commission. The case was subsequently referred to arbitration and the arbitrator found in favor of appellee in the amount of $12,502.76. The trial court confirmed the award and appellant appealed. This court affirmed the judgment on appeal. See MBARealty v. Little G., Inc. (1996), 116 Ohio App.3d 334.
Appellee then attempted, unsuccessfully, to execute upon his judgment. On June 5, 1997, appellee filed the instant case in the Cuyahoga County Court of Common Pleas against defendants-appellants, Little G. and Gregory and Vincenza Caniglia, alleging that Little G. had fraudulently transferred assets to the Caniglias in an attempt to defraud him and hinder his attempts to execute upon his judgment. Appellants filed an answer and counterclaim alleging that their accounts had been wrongfully attached.
On July 31, 1998, appellee filed a motion for summary judgment. The trial court entered an order on November 19, 1998 granting appellee's unopposed motion but specifying that appellants' counterclaim remained pending. On May 18, 1999, after granting appellants' motion for reconsideration of its decision regarding appellee's motion for summary judgment, the trial court again entered an order granting appellee's motion for summary judgment and specifying that appellants' counterclaim remained pending.
On August 2, 2000, after a two-day hearing regarding appellants' counterclaim, the trial court entered judgment for appellee regarding appellants' counterclaim and dismissed the case.
On August 25, 2000, appellee filed a motion for attorneys' fees pursuant to R.C. 2323.51.
On September 5, 2000, appellants filed a notice of appeal regarding the trial court's order denying their counterclaim. This court dismissed the appeal as untimely pursuant to App.R. 4(A) on October 5, 2000. Vadas,d/b/a MBA Realty v. Little G., Inc., et al. (Oct. 5, 2000), Cuyahoga App. No. 78528.
Subsequently, on October 19, 2000, the trial court entered a nunc protunc order as of and for May 18, 1999. In its order, the trial court noted that although it had granted summary judgment to appellee on November 19, 1998 and again on May 18, 1999, neither judgment entry contained the amount of monetary damages awarded. The trial court found that judgment should have been rendered for appellee in the amount of $12,502.76 plus interest at 10% per annum from March 20, 1996, and the costs of suit, and, accordingly, entered judgment nunc pro tunc for appellee. Appellants did not appeal this order.
On March 28, 2001, the trial court held a hearing regarding appellee's motion for attorneys' fees. On June 15, 2001, the trial court entered an order granting appellee's motion and awarding him $5,160.00 in attorneys' fees.
Appellants filed a notice of appeal on July 16, 2001 and an amended notice on August 10, 2001, appealing from the trial court's order dated August 2, 2000 denying appellants' counterclaim and the trial court'snunc pro tunc order entered October 19, 2000.
Appellants raise five assignments of error for our review. Assignments of error one, three and four challenge the trial court's ruling regarding its nunc pro tunc entry dated October 19, 2000. Specifically, appellants assert that the trial court erred in (1) granting appellee's motion for summary judgment because there were genuine issues of material fact that precluded summary judgment; (2) issuing a nunc pro tunc order because the order changed the prior judgment rendered by the trial court; and (3) awarding appellee prejudgment interest.
App.R. 4(A) governs the time for appeal and provides, in relevant part:
 A party shall file the notice of appeal * * * within thirty days of the later of entry of judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
Civ.R. 58(B) requires the court to endorse on its judgment a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Upon entering judgment on the journal, the clerk then has three days to serve all parties. Thus, as the Supreme Court of Ohio stated in In re Anderson (2001), 92 Ohio St.3d 6, regarding the timeliness of an appeal:
 The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).
A review of the record in this case indicates that the trial court made no such endorsements as required by Civ.R. 58(B) on its nunc pro tunc
order. The record also reflects, however, that the clerk served notice to the parties of the trial court's nunc pro tunc order on October 19, 2000. Thus, appellants' notice of appeal, filed nearly six months after service of the trial court's order is clearly untimely.
The time requirements of App.R. 4(A) are mandatory and jurisdictional.In the Matter of Dylan and Cody Tucker (Apr. 20, 2000), Cuyahoga App. No. 76630, unreported, citing Kaplysh v. Takieddine (1988),35 Ohio St.3d 170. Accordingly, this court is without jurisdiction to consider assignments of error one, three and four.
Appellants' second assignment of error asserts that the trial court's judgment entered August 2, 2000 denying their counterclaim was against the manifest weight of the evidence. The doctrine of res judicata,
however, prohibits us from considering this error. Appellants first appealed the trial court's order regarding their counterclaim on September 5, 2000. This court dismissed their appeal as untimely. Pursuant to the principles of res judicata, that judgment precludes appellants from another appeal to this court regarding the same order. Accordingly, appellants' second assignment of error is overruled.
Appellants' fifth assignment of error challenges the trial court's ruling granting appellee's motion for attorneys' fees pursuant to R.C.2323.51, which provides that a trial court may award reasonable attorneys' fees to a party adversely affected by frivolous conduct. Appellee's motion asserted that appellants' conduct in filing their wrongful garnishment counterclaim amounted to frivolous conduct pursuant to the statute.
The order granting appellee's motion for fees states that the trial court held a trial regarding appellants' counterclaim on July 12 and 13, 2001. The record on appeal, however, is devoid of any transcript of the hearing. Where no transcript has been made, or a transcript has not been submitted as part of the record to the appellate court, we must presume the regularity of the trial court's proceedings and judgment. Natl. CityBank v. Beyer (2000), 89 Ohio St.3d 152, 160, citing Wells v. SpiritFabricating, Ltd. (1996), 113 Ohio App.3d 282, 288-289.
In its order, the trial court noted that appellants failed to produce any evidence whatsoever at trial to support their counterclaim and, accordingly, concluded that the assertion of the counterclaim amounted to frivolous conduct for which appellee was entitled to attorneys' fees in the amount of $5,160.00. This court will not reverse where the trial court's judgment was based on competent, credible evidence. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, at the syllabus. Moreover, absent a transcript to indicate otherwise, this court must presume the regularity of the trial court's judgment. Brentar v.Distribution Serv., Inc. (Dec. 20, 2001), Cuyahoga App. No. 79462, unreported.
Appellants' fifth assignment of error is therefore overruled.
Finally, we note that appellee obtained his judgment in 1994. Eight years later, that judgment — which was affirmed by this court on appeal — is still not satisfied. It is well past time for appellants to pay the judgment and this litigation to end.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and ANN DYKE, J. CONCUR.